**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-20383-RAR**

**MATTHEW ALEXANDER KING**,

    Movant,

v.

**UNITED STATES OF AMERICA,**

    Respondent.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

**THIS CAUSE** comes before the Court upon Movant Matthew Alexander King's ("King") Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 60(b) of the Court's Order Denying Motion to Vacate, Set Aside, or Correct Sentence [ECF No. 11] ("Motion"), filed on November 16, 2020. The Government filed a Response on November 24, 2020 [ECF No. 12]. The Court has carefully reviewed the Motion and Response and is otherwise fully advised.

Under Rule 60(b), a court may relieve a party of a final order or judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not previously have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released, or discharged, that is based on an earlier judgment that has been reversed or vacated, or that it would no longer be equitable to apply prospectively; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b).

The rules regarding successive habeas petitions set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Rule 60(b) motions seeking relief from a judgment denying a 28 U.S.C. section 2255 petition. *Farris v. United States*, 333 F.3d 1211, 1216

(11th Cir. 2003). "AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." *Id.* "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Id.* A Rule 60(b) motion is "properly construed as a second or successive § 2255 motion if it either (1) seeks to add a new ground for relief or (2) attacks the district court's prior resolution of a claim on the merits, but not when it attacks a 'defect in the integrity' of the § 2255 proceedings." *Saint Surin v. United States*, 814 F. App'x 540, 542 (11th Cir. 2020) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 523 (2005)).

Here, the Court lacks jurisdiction to entertain King's Motion because it is properly construed as a second or successive habeas petition that was filed without leave from the Court of Appeals.[1] The Motion attacks the district court's earlier resolution of the merits of King's claim and seeks to add new grounds for relief. Even if jurisdiction were proper, the Court would be compelled to deny the Motion on the merits because it does not establish the existence of newly discovered evidence, an intervening change in law, clear error of law or fact, or any other valid basis for reconsideration. Indeed, King's single-page filing, which abruptly ends mid-sentence, simply makes conclusory allegations lacking factual substantiation—and is therefore insufficient to establish an ineffective assistance of counsel claim. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion [ECF No. 11] is **DENIED** and a certificate of appealability is **DENIED**.

---

[1] In its Response, the Government contends that the Court lacks jurisdiction to entertain King's Rule 60(b) Motion because the issues raised in the Motion are pending on appeal. *See* Resp. ¶¶ 6-7. Although the Government is correct that the filing of a notice of appeal deprives the district court of jurisdiction to grant a motion for reconsideration, "district courts retain jurisdiction after the filing of a notice of appeal to entertain and deny a Rule 60(b) motion" because the denial of a motion for reconsideration is an action "in furtherance of the appeal." *Mahone v. Ray*, 326 F. 3d 1176, 1180 (11th Cir. 2003).

**DONE AND ORDERED** in Fort Lauderdale, Florida on this 1st day of December, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**